**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PARK PLACE CONDOMINIUM
ASSOCIATION OF TAMPA, INC.,

    Plaintiff,

v.                                         Case No: 8:15-cv-511-T-24MAP

INDIAN HARBOR INSURANCE
COMPANY,

    Defendant.

_____

**ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss Counts Two and Three of Complaint (Dkt. 7) and Plaintiff's Memorandum of Law in Opposition (Dkt. 9). The Court, having reviewed the motion, response, and being otherwise advised, concludes that the motion should be denied.

**I.    DISCUSSION**

Plaintiff filed its complaint in state court on February 17, 2015, alleging Defendant breached an insurance contract between the parties. The complaint also included claims for bad faith and unfair claim settlement practices under §§ 624.155 and 626.9541 Florida Statutes. Defendant filed its notice of removal on March 6, 2015.

Defendant now moves to dismiss counts two and three on the basis that Plaintiff's bad faith claims are premature. Defendant argues the Court should dismiss Plaintiff's bad faith claims as opposed to abating them pending the outcome of the breach of contract claim in Count One. Plaintiff concedes that the bad faith counts should be abated, but not dismissed.

Florida courts tend to prefer abatement rather than dismissal when confronted with a premature bad faith claim. *See, e .g., Allstate Indemnity Co. v. Ruiz,* 899 So.2d 1121, 1130 (Fla.2005) (cautioning "that where the coverage and bad faith actions are initiated simultaneously, the courts should employ existing tools, such as the abatement of actions and in-camera inspection, to ensure full and fair discovery in both causes of action"); *O'Rourke v. Provident Life & Accident Ins. Co.,* 48 F.Supp.2d 1383, 1384–85 (S.D. Fla.1999) (explaining the trend towards abatement of premature bad faith claims and holding abatement was an appropriate remedy); *Gianassi v. State Farm Mut. Auto. Ins. Co.,* No. 6:14–CV–1078–ORL–31, 2014 WL 4999443, at *3 (M.D. Fla. Oct.7, 2014).

Here, Plaintiff's breach of contract claim is pending and has not been resolved in Plaintiff's favor. Therefore, Plaintiff's bad faith claims have not accrued and are premature. A premature bad faith claim may be either dismissed without prejudice or abated until the underlying action is resolved. *See Landmark Am. Ins. Co. v. Studio Imports, Ltd., Inc.,* 76 So.3d 963, 964-65 (Fla. Dist. Ct. App. 2011) ("The trial court can decide to either dismiss the bad faith claim without prejudice or abate the claim until the underlying breach of contract issue is resolved."). The claim may be abated in the interest of judicial economy. *See Gianassi* 2014 WL 4999443, at *3 ("Because abatement offers at least the possibility of increased judicial efficiency for those bad faith claims that do become ripe, [the bad faith claim] will be abated rather than dismissed.").

In the instant case, the Court finds that judicial efficiency weighs in favor of abatement and not dismissal. Accordingly, the Court will abate Counts Two and Three of the complaint.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Counts Two and Three of Complaint (Dkt. 7) is **DENIED**. Counts Two and Three are hereby **ABATED** pending the determination of the breach of contract claim in Count One.

**DONE AND ORDERED** at Tampa, Florida, this 7th day of April, 2015.

SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties